Carter *v.* Hawley, et al.

---

*CARTER *v.* HAWLEY, ET AL.        [74

Penal laws—repeal by new enactment—to be construed strictly—error.

The passage of a law upon the same subject of a former one, increasing its penalties without an express repealing clause, is a virtual repeal of the first law.

The repeal of a penal law, pending a suit under it, cuts off the right to recover.

Penal laws are to be construed strictly; doubts are to be resolved against exacting penalties.

Costs are not to be recovered against a supervisor of roads.

ERROR to the Common Pleas. The suit below was brought by a *supervisor* of highways against the plaintiff in error, claiming a penalty for obstructing a road. When the suit was brought, the 20th section of the road law, 22 *O. L.* 315, was in force. While the suit was pending, the general assembly re-enacted the substance of this section in a new law, and increased the maximum penalty from 10 to 20 dollars, 30 *O. L.* 18, without any express repealing clause. When the evidence for the plaintiff was closed on the trial below, the defendant moved for a non suit, which was ordered. The plaintiff refused to submit to it, and the jury, under the instruction of the court, found a verdict for the defendant, on which the court rendered judgment for costs in his favor. Exception was taken to the instruction of the court, and sealed, on which this writ is brought.

*Boalt*, for the plaintiff in error.

*Andrews* and *Sturges*, contra.

BY THE COURT. When this judgment was rendered, the 66th

75

section of the practice act of 1824, 22 O. L. 63, was in force. That exonerates officers from payment of costs of suit prosecuted against them for acts done in pursuance of their official duties. Supervisors were bound by the road law, 22, vol. 315 to sue. It was erroneous to give judgment against him for costs. This point has been expressly decided by the Court in Bank; Bittle v. Hay, 5 O. R. 270.

The passage of the new road law in 1832, 30 O. L. 18, re-enacting this clause in substance, and increasing the penalty, we think virtually repeals the act under which the suit was brought. The judgment being rendered after the new law went into force, there was no foundation for it. The law being a penal one, must be construed strictly. Upon the question whether the law is repealed, we feel difficulty, and now experience some diversity of opinion. Indeed the question is not clear of all doubt; but if we err, it is better to err against the exaction of penalties, than in favor of their exaction.

The judgment is reversed with costs.